## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |  |
|---|---|---|---|
| AYYUB SULAIMAN, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Civil No. _____ | |
| | ) | | |
| LIFE ASSETS, | ) | Removed from the Superior Court of the | |
| | ) | District of Columbia | |
| Defendants, | ) | Civil Action No. 2026-CAB-1910 | |
| | ) | | |

## NOTICE OF REMOVAL

Defendant Life Asset, Inc., [1] by counsel, Carr Maloney P.C., files this Notice of Removal,

pursuant to 28 U.S.C. §§ 1331, 1441, and 1446(a), of the above-captioned action currently pending

in the Superior Court of the District of Columbia. In support thereof, Defendant states as follows:

## I.    BACKGROUND

1.    On March 24, 2026, Plaintiff Ayyub Sulaiman ("Plaintiff"), proceeding *pro se*, filed

a Complaint in the Superior Court of the District of Columbia – CVIL DIVISION – Civil Actions

Branch against Defendant Life Asset, Inc. (incorrectly named as "Life Assets"), case number 2026-

CAB-1910.

2.    On May 19, 2026, Defendant moved for leave to late file a responsive pleading,

attaching its proposed responsive pleading.[2]  Defendant's Motion to Dismiss under D.C. Super.

Ct. R. 12(b)(6) argued, *inter alia*, that Plaintiff failed to identify the cause of action entitling him

---

[1] Plaintiff brings this Complaint against Defendant "Life Assets," but no such entity exists.  Life Asset, Inc., is the correct party, and will respond on behalf of Defendant.

[2] As detailed in that Motion, Life Asset did not receive the Complaint and Summons at the time of mailing, because it was sent to a shared mailroom. At that time, Life Asset did not understand the Complaint to have been served upon it. Life Asset's insurance carrier retained undersigned counsel on May 15, and the Motion for Leave and proposed responsive pleading were filed two business days later.

to relief. Plaintiff did not oppose the Motion for Leave or oppose or object to the proposed responsive pleading. As of the date of this Notice, that Motion has not been ruled upon.

3. Plaintiff filed a motion to amend the complaint on May 27, 2026. The motion to amend the complaint appended a letter to the court that presents in the form of an amended complaint. As Plaintiff is entitled to amend as a matter of course under D.C. Superior Court Civil Rule 15(a)(1)(B), the proposed amendment is operative.

4. In his motion and his new pleading, Plaintiff raised a federal question for the first time. In his motion, Plaintiff states that he believes Life Asset "operated passed acceptable fair credit reporting practices." In the new pleading, includes allegations of fact regarding Life Asset's credit reporting as a furnisher of information to credit bureaus. Accordingly, it is apparent from this new pleading, or the Amended Complaint, that Plaintiff attempts to bring a cause of action under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

5. This Notice of Removal is timely filed within thirty (30) days of receipt of Plaintiff's Amended Complaint, which is the first such pleading from which it can be ascertained that the case is removable, pursuant to 28 U.S.C. § 1446(b)(3).

6. Defendant is the sole defendant in the case, and thus removal in compliance with 28 U.S.C. § 1446(b)(2)(A), as there exists no other Defendant to join in or consent to Defendant's removal of this action.

7. In compliance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings, and orders" received by Defendant is attached as **Exhibit A**.

8. In accordance with 28 U.S.C. § 1446(d), after filing the Notice of Removal, Defendant will promptly file a copy of this Notice of Removal with the Superior Court of the District of Columbia – CIVIL DIVISION – Civil Actions Branch.

2

9.     In accordance with 28 U.S.C. § 1446(d), Defendant has also given written notice to Plaintiff by contemporaneously delivering this Notice of Removal to Plaintiff.

## II.     FEDERAL QUESTION JURISDICTION

10.     Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

11.     As required by 28 U.S.C. § 1441(a), Defendant has removed this case to the United States District Court for the District of Columbia, which is the District Court embracing the place where the State Court action is pending. *See* 28 U.S.C. § 127.

12.     The Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, it is apparent from the face of Plaintiff's Amended Complaint that Plaintiff brings this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

13.     To the extent that the Amended Complaint also sets forth a claim for negligence, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

### A.     The Amended Complaint asserts a claim for an alleged violation of the Fair Credit Reporting Act

14.     In his Motion for Leave, Plaintiff asserts that Life Asset "operated passed acceptable fair credit reporting practices." *See* Exhibit A. In the Amended Complaint that is attached to the Motion for Leave, Plaintiff alleges that he had an account with Life Asset, who lent him a sum of money at some point prior to January 2026. *Id.* Plaintiff asserts that a Life Asset employee identified as John Kavyahu handled the "reporting to the credit bureaus" on his account. *Id.* He alleges that he received an assurance from Mr. Kavyahu that Life Asset would pause

reporting to credit bureaus until January 15, 2026, and giving Plaintiff time to pay off the $152 remaining on his account. *Id.* Plaintiff alleges that he paid the remaining sum to Life Asset on January 2, 2026. *Id.* He asserts that Life Asset thereafter reported negatively and incorrectly on his account balance, causing his credit score to decrease. *Id.* Plaintiff refers to Life Asset's alleged "inaccurate credit reporting and the failure of the company …to properly report my account status after payment," as the basis of his claim. *Id.*

15.     Although Plaintiff does not specifically cite to any section of the Fair Credit Reporting Act, his reference to "fair credit reporting practices" and description of facts in the Amended Complaint indicate that his claim is one under the Fair Credit Reporting Act 15 U.S.C. § 1681s-2, "Responsibilities of furnishers of information to consumer reporting agencies." Subsection (b) of that statute creates a private right of action for consumers to sue a person or institution that has incorrectly furnished information to a credit reporting agency if a furnisher fails to reasonably investigate a dispute of the reported information. *See* 15 U.S.C. § 1681s-2(b).

16.     This Court has original jurisdiction over Plaintiff's Fair Credit Reporting Act claim pursuant to 28 U.S.C. § 1331.

**B.     To the extent a common law negligence action is asserted in the Amended Complaint, the Court has supplemental jurisdiction**

17.     Although not specifically plead, the Amended Complaint also implies a claim for common law negligence. The subject line of the Amended Complaint is titled "Credit Reporting Negligence and Damages Caused by Life Asset and John Kavyahu." *See* Exhibit A. Elsewhere in the Amended Complaint, Plaintiff refers to damages he claims were caused by Life Asset's alleged "negligence." *Id.*

18.     To the extent that Plaintiff asserts a cause of action for common law negligence, this Court has supplemental jurisdiction to hear that claim in conjunction with the claim under 15

U.S.C. § 1681s-2(b) because his negligence claim is "so related to the [Fair Credit Reporting Act claim] within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Jurisdiction." 28 U.S.C. 1367(a).[3]

19.    The exclusions in 28 U.S.C. 1367(c) do not apply to Plaintiff's negligence claim.

20.    Accordingly, this Court has supplemental jurisdiction under 28 U.S.C. 1367(a) to hear Plaintiff's negligence claim as part of the same case as his Fair Credit Reporting Act claim.

## III.    CONCLUSION

For the foregoing reasons, Defendant Life Asset, Inc. respectfully requests that tis action be and is hereby, removed to this Court, that this Court assume jurisdiction of the action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

LIFE ASSET, INC.

By:    */s/ Matthew D. Berkowitz*
Matthew D. Berkowitz, VSB No. 72728
Colin D. Neal, VSB No. 95910
Carr Maloney P.C.
2000 Pennsylvania Avenue, Suite 8001
Washington, DC 20006
(210) 310-5500 (Tel.)
(210) 310-5555 (Fax)
matthew.berkowitz@carramaloney.com
colin.neal@carrmaloney.com
*Counsel for Defendant Life Asset, Inc.*

---

[3] Defendants intend to move to dismiss the negligence claim on the basis that it is preempted by the Fair Credit Reporting Act. This, too, confers federal question jurisdiction over Plaintiff's negligence claim. *See Armstrong v. Navient Solutions, LLC*, 292 F.Supp.3d 464 (D.D.C. 2018).

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY on this 9th day of June, 2026 that I electronically filed and e-served a copy of the foregoing *Notice of Removal*, with a copy via U.S. Mail to:

> Ayyub Sulaiman, *pro se*
> 5315 Connecticut Ave. N.W. # 202
> Washington, D.C. 20015

> */s/ Matthew D. Berkowitz*___
> Matthew D. Berkowitz