**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AYYUB SULAIMAN,<br><br>Plaintiff,<br><br>v.<br><br>LIFE ASSETS,<br><br>Defendant. | Civil No. 1:26-cv-02038-JEB<br><br>Removed from the Superior Court of the District of Columbia<br>Civil Action No. 2026-CAB-1910 |

**DEFENDANT LIFE ASSET INC.'S MEMORANDUM**
**IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S STATEMENT**
**REGARDING DISPUTED CREDIT REPORTING**

Defendant Life Asset, Inc. (improperly plead as Life Assets), by undersigned counsel, submits this Memorandum in support of its Motion to Strike Plaintiff's Statement Regarding Disputed Credit Reporting (ECF No. 16).

## BACKGROUND

Plaintiff filed a Complaint in the Superior Court of the District of Columbia. ECF No. 1-2 at 1-2. Life Asset moved to dismiss, and in response, Plaintiff filed an Amended Complaint and alleged for the first time that his claim was for a violation of 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act ("FCRA"). Plaintiff also alleged common law negligence. *Id.* at 52-57. Life Asset then properly removed the case to this Court, ECF No. 1, and moved to dismiss the Amended Complaint because Plaintiff failed to comply with the prerequisite of bringing a claim under § 1681s-2(b) and because the negligence claim is preempted by the FCRA. ECF No. 5.

Plaintiff filed an Opposition to the Motion to Dismiss. ECF No. 5. But, as pointed out in Life Asset's Reply, Plaintiff's Opposition did nothing to demonstrate that Plaintiff stated a claim for relief. Instead, the Opposition sought to impermissibly amend the pleading by alleging new facts (none of which cured the defects) and by alleging additional preempted state law claims. ECF

Nos. 8 and 13. Plaintiff also sought to amend his complaint once again, but, as pointed out in Life Asset's Opposition, the proposed second amended complaint still failed to allege a necessary element of a claim under § 1681s-2(b) and added the preempted state law claims. ECF No. 9 and 12.

The Motions are fully briefed, yet Plaintiff once again seeks to impermissibly amend his pleading. This time, although couched as a Statement Regarding Disputed Credit Reporting, the filing actually serves as a sur-reply. For the reasons that follow, the Statement or Sur-Reply should be stricken.

## ARGUMENT

The Statement should be stricken because Plaintiff did not seek leave before filing. A party must first seek leave of court before filing a sur-reply. *Robinson v. Detroit News, Inc.,* 211 F. Supp. 2d 101, 113 (D.D.C. 2002) (citations omitted). But even if Plaintiff properly sought leave, leave should not be granted because Plaintiff's Statement does not show that Life Asset's reply raised new arguments that were not in its Motion to Dismiss. *Longwood Vill. Rest., Ltd. v. Ashcroft,* 157 F. Supp. 2d 61, 68 (D.D.C. 2001). Moreover, Plaintiff once again impermissibly attempts to allege new facts that were not in his Amended Complaint. *See Neville v. Burrows,* No. CV 22-3246 (RC), 2024 WL 578986, at *6 (D.D.C. Feb. 13, 2024), *aff'd sub nom. Neville v. Lucas,* No. 24-5103, 2025 WL 1122199 (D.C. Cir. Apr. 16, 2025) ("a sur-reply (like an opposition to a motion to dismiss) is an inappropriate vehicle to raise such new allegations."). Accordingly, Plaintiff's Statement should be stricken.

## CONCLUSION

For the foregoing reasons, Life Asset respectfully requests that the Court strike Plaintiff's Statement Regarding Disputed Credit Reporting.

LIFE ASSET, INC.,
By Counsel,

By: */s/ Matthew D. Berkowitz*
Matthew D. Berkowitz, 974170
Colin D. Neal, 90002583
Carr Maloney P.C.
2000 Pennsylvania Avenue, Suite 8001
Washington, DC 20006
(210) 310-5500 (Tel.)
(210) 310-5555 (Fax)
matthew.berkowitz@carramaloney.com
colin.neal@carrmaloney.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 2nd day of July, 2026 that I electronically filed and e-served a copy of the foregoing, with a copy via U.S. Mail to:

Ayyub Sulaiman, *pro se*
5315 Connecticut Ave. N.W. # 202
Washington, D.C. 20015

*/s/ Matthew D. Berkowitz*
Matthew D. Berkowitz